UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | No.: 2:07-CR-011 |
| | ) | |
| GARY L. WILLIAMS | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's *pro se* motion for sentence reduction [doc. 162], which has been rendered moot by the supplemental motion for sentence reduction filed by counsel [docs. 167, 168]. Through counsel, the defendant asks for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The government has filed a response in opposition [doc. 168].

The defendant's motion will be denied for two reasons. He is categorically ineligible for relief because Amendment 782 does not lower his guideline range. Even if that were not the case, consideration of the requisite sentencing factors shows that the defendant is not deserving of a reduction in his sentence.

**I.    Authority**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

If the court finds a defendant eligible for sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect" when the defendant was previously sentenced. *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2014). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was previously sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2014). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

## II.  Factual Background

In relevant part, the indictment in this case charged the defendant with possessing with the intent to distribute both cocaine (Count Three) and five grams or more of cocaine base (Count Two). Had he been convicted of those charges, it appears that the defendant would have been categorized as a career offender with an advisory guideline range of 360 months to life. [PSR, ¶ 70]. However, the parties entered into a plea agreement whereby the defendant pled guilty to lesser-included offenses of simple possession on Counts Two and Three. Because simple possession is neither a "crime of violence" nor a "controlled substance offense" under the guidelines, the defendant

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). The government did not file a substantial assistance motion as to the present defendant.

benefitted significantly from his plea agreement because it enabled him to avoid career offender status. *See* U.S. Sentencing Guidelines Manual §§ 4B1.1(a), 4B1.2(a)-(b) (2007).

By judgment dated October 31, 2008, the Honorable Ronnie Greer sentenced the defendant to 168 months as to Count Two and 36 months as to Count Three, to run concurrently for a net term of imprisonment of 168 months. The defendant's guideline range was 92 to 115 months, based on a total offense level of 24 and a criminal history category of V.

The base offense level for simple possession offenses is typically derived from U.S.S.G. § 2D2.1. However, the version of § 2D2.1 in effect on the date of sentencing contained a cross-reference provision which instructed that § 2D1.1 should instead apply to defendants convicted of possessing more than five grams of cocaine base. *See id.* § 2D2.1(b)(1) (2007). The defendant's offense level at the time of sentencing was therefore derived from the drug quantity table of § 2D1.1. Additionally, the version of 21 U.S.C. § 844 in effect at the time of sentencing required a 60-month mandatory minimum sentence for Count Two and a 90-day mandatory minimum sentence for Count Three.[2]

In sentencing the defendant to 168 months, Judge Greer varied upward from the applicable guideline range. The variance was based on the favorable plea agreement and the defendant's history of violence and noncompliance. [Doc. 99, p. 129]. The

---

[2] But for the defendant's plea agreement, he would have been subject to a 120-month mandatory minimum on Count Two. [PSR, ¶ 70].

defendant appealed, and the Sixth Circuit affirmed the sentence imposed by Judge Greer. [Doc. 104].

Next, in October 2011, the defendant filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 750, asking that his sentence be reduced to time served. Part A of Amendment 750 lowered the § 2D1.1 base offense levels applicable to most cocaine base offenders. Additionally, Part C of Amendment 750 eliminated the § 2D2.1 cross-reference provision for cocaine base possession. These sections of Amendment 750 have retroactive application. *See* U.S. Sentencing Guidelines Manual § 1B1.10(a)(1), (c) (2011).

With the cross-reference provision no longer in effect, the defendant's offense level was recalculated solely under § 2D2.1 without reference to the drug quantity table of 2D1.1. The defendant's total offense level dropped to 8, his criminal history category remained V, and his advisory guideline range became 15 to 21 months. However, the defendant remained subject to a 60-month mandatory minimum, resulting in an effective guideline range of 60 months.

By memorandum and order dated January 31, 2012, Judge Greer reduced the defendant's sentence from 168 to 132 months. [Doc. 138]. Therein, Judge Greer explained that the 36-month reduction was granted in consideration of Amendment 750's "goal of reducing the disparity between crack and powder cocaine sentencing." Judge Greer also explained, however, that his "significant" original upward variance remained appropriate, both for the reasons articulated at sentencing and in light of the defendant's

5

"record while in BOP custody." The defendant again appealed, and the Sixth Circuit again affirmed. [Doc. 143]. According to the Bureau of Prisons, the defendant is presently scheduled for release on November 26, 2017.

**III.  Analysis**

Applying the 2014 guidelines (which incorporate Amendment 782), the defendant's total offense level remains 8, his criminal history category remains V, his advisory guideline range remains 15 to 21 months, and he remains subject to a 60-month mandatory minimum and an effective guideline range of 60 months. As to the present defendant, nothing changed from Amendment 750 to Amendment 782.

While Amendment 782 lowered most base offense levels under § 2D1.1, it made no changes to § 2D2.1 – the guideline upon which the present defendant's offense level is based. "A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S. Sentencing Guidelines Manual § 1B1.10(a)(2)(B) (2014). The present defendant is therefore ineligible for Amendment 782 relief because that amendment does not apply to him. Amendment 750 lowered the defendant's guideline range. Amendment 782 did not.

Even if that were not the case, this court would not further reduce the defendant's sentence. The court has carefully considered the record in this case, along with all relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the

6

defendant's offense, the defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii).

The undersigned agrees wholeheartedly that an upward variance was warranted in this case due to the defendant's violent, non-compliant history and his very favorable plea agreement. It is worth repeating that Judge Greer's conclusions have twice been affirmed on appellate review.

Further, the defendant's post-sentencing conduct has been deplorable. He has accrued at least 31 disciplinary sanctions while in the custody of the Bureau of Prisons, including: starting a fire; threatening bodily harm; refusing to obey orders (two incidents); interfering with security devices (two incidents); destruction of property (three incidents); insolence to staff members (four incidents); engaging in sexual acts (six incidents); and assault (six incidents). The defendant is currently housed in a high security facility, and rightly so. His post-offense conduct has been a continuation of the history of violence and disrespect for authority noted by Judge Greer at sentencing. The court again stresses that it has considered all of the applicable 18 U.S.C. § 3553(a) factors but notes specifically that the defendant's conduct while incarcerated reinforces the need in this case to promote respect for the law, adequately deter criminal conduct, and protect the public from further crimes by this defendant. *See* 18 U.S.C. § 3553(a)(2).

## IV. Conclusion

For the reasons stated herein, the defendant's *pro se* motion [doc. 162] is **DENIED AS MOOT** and the defendant's motion filed through counsel [docs. 167, 169] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge