UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| GARY L. WILLIAMS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 2:07-cr-11<br>(2:12-cv-69) |

## MEMORANDUM AND ORDER

Petitioner has filed a motion pursuant to 28 U.S.C. § 2255 [Doc. 140], which he has amended on one occasion with the Court's permission [Doc. 145], and on another occasion without Court permission [Doc. 152]. For the reasons discussed hereafter, the motion, as amended, will be DENIED.

Petitioner was charged in a four-count Indictment with being a convicted felon in possession of a 9mm firearm and 9mm ammunition (Count 1); possessing five or more grams of crack cocaine with the intent to distribute (Count 2); possessing a quantity of cocaine with the intent to distribute (Count 3); and being a convicted felon in possession of a .22 caliber revolver and .22 caliber ammunition (Count 4).[1]

At Petitioner's initial appearance and arraignment, a member of the CJA panel was appointed to represent him. On May 9, 2008, Petitioner signed a plea agreement with the United States.[2] The plea agreement was favorable to Petitioner by any objective standard. He pled guilty to lesser-included offenses of Counts 2 and 3; specifically, he pled guilty to simple

---

[1] Doc. 2
[2] Doc. 80

possession of cocaine hydrochloride and crack cocaine, and the two firearm counts were dismissed.[3] Both the Court and the United States Probation Office noted that Petitioner had benefited greatly from the plea agreement. *See*, PSR ¶ 70.

On June 20, 2008, Petitioner filed a *pro se* motion to withdraw his guilty plea, claiming that he was "not in [his] right mind" and "not thinking about what [he] was doing." He also claimed he suffered from bipolar disease and that he was not on his medication when he signed the plea agreement. He asserted that he did not think about the questions he was asked by the District Judge at his change of plea hearing, and that he answered "yes" to the Judge's questions only because his lawyer told him to do so.[4] On July 28, 2008, a hearing was held on Petitioner's motion. The District Judge denied the motion.[5]

Petitioner was subject to a mandatory minimum five years of imprisonment on the crack cocaine offense, and a maximum of three years on the cocaine hydrochloride offense. The probation office reported his guideline range to be 92 to 115 months' imprisonment.[6] However, the probation officer noted in the report that an upward departure might be warranted because the amount of crack which Petitioner possessed was a distribution quantity, and because Petitioner had a lengthy history of violence and disrespect for the law and law enforcement officers.[7] At the conclusion of the sentencing hearing, the Court sentenced Petitioner to 161 months of imprisonment, 53 months above the top of his guideline range, but far below the 276 months

---

[3] The government expected Petitioner to be classified as a career offender, but the United States Attorney's Office failed to appreciate the lesser-included offenses in the plea agreement did not constitute controlled substance offenses within the meaning of the Career Offender Guidelines. *See*, sentencing hearing transcript [Doc. 99 pgs. 2-3, 99-102].
[4] Doc. 83
[5] Doc. 89
[6] PSR, ¶¶ 42, 67, 68
[7] PSR, ¶¶ 82-85. After the traffic stop that led to the discovery of the drugs and guns for which he was charged, Petitioner violently assaulted the police officer in an attempt to flee.

requested by the government. The judgment was filed November 3, 2008.[8] That same day, Petitioner's attorney filed a notice of appeal.[9]

Petitioner made one argument on appeal: that his above-guideline range of 168 months of imprisonment was substantively and procedurally unreasonable. The Court of Appeals did not agree and affirmed the judgment of the District Court on September 13, 2010.[10]

A month before the Court of Appeals filed its opinion, the United States Sentencing Commission promulgated Amendment 750, implementing the Fair Sentencing Act of 2010 which reduced the base offense level for most crack cocaine offenses. Based on Amendment 750, on November 2, 2011, Petitioner filed a motion for a reduction in his sentence.[11] The Court granted the motion in part, reducing Petitioner's sentence to 132 months which was above Petitioner's effective guideline range of 60 months.[12]

Petitioner appealed, arguing the Court should have reduced his sentence more than it did. Once again, the Court of Appeals disagreed, affirming this Court.[13]

I. **PETITIONER'S ORIGINAL § 2255 MOTION [Doc. 140]**

Petitioner's first argument is that the Fair Sentencing Act set 36 months as his maximum sentence for the crack cocaine offense and therefore his sentence of 132 months exceeds that maximum.[14] He is incorrect; the reduced statutory penalties of the Fair Sentencing Act apply only to defendants sentenced *after* the Act's enactment on August 3, 2010. The lower penalties

---

[8] Doc. 96
[9] Doc. 97
[10] Doc. 104
[11] Doc. 125
[12] The new calculated guideline range was 15-21 months, but Petitioner confronted a minimum mandatory sentence of 60 months for the crack offense, which of course became his effective guideline range.
[13] Doc. 143
[14] Petitioner was sentenced to only 3 years for the cocaine offense; judgment [Doc. 96].

3

do not apply to defendants sentenced before August 3, 2010. *See*, *Dorsey v. United States*, 132 S.Ct. 2321, 2335 (2012) ("We conclude that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to post-Act sentencing of pre-Act offenses."). As a result, Petitioner's sentence of 132 months does not exceed the twenty-year maximum of 21 USC §844(a) as it was written at the time of his offense.

Petitioner's second argument is that his trial attorney was ineffective in two ways: (1) for failing to argue that the prior offenses listed in the government's § 851 Notice were not qualifying predicate offenses, and (2) for failing to argue that the drug offenses to which he pled guilty carried a maximum of only three years' imprisonment.

First, the § 851 Notice played no role in his sentence. Petitioner's sentence was not enhanced because he was a recidivist; rather, he was sentenced under the terms of 21 U.S.C. § 844(a), which then carried a punishment of up to twenty years' imprisonment.

Second, Petitioner's counsel cannot be faulted for failing to make an incorrect argument, *viz.*, that the crack offense entailed only a three-year maximum. As already discussed, it carried a twenty-year maximum. Petitioner's attorney at sentencing did not provide ineffective assistance.

Petitioner's third argument in his original motion is that his appellate counsel was ineffective for (1) failing to argue in a motion for rehearing before the Court of Appeals that the Fair Sentencing Act applied to his situation, and (2) for failing to appeal this Court's denial of his motion to withdraw his guilty plea.

As already discussed, Petitioner was sentenced before the enactment of the Fair Sentencing Act, so it did not apply to him, *Dorsey, supra*. Counsel cannot be criticized for failing to argue an incorrect statement of the law.

4

Neither did counsel render deficient representation in failing to appeal the District Court's denial of his demand to withdraw his guilty plea. A Petitioner who claims his attorney was ineffective must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). He first must show that some specific act or admission by his attorney was deficient as measured by prevailing professional norms, *Rompilla v. Beard*, 545 U.S. § 374, 380 (2005). The burden is upon the Petitioner to overcome the presumption that counsel provided effective assistance, *Strickland*, 466 U.S. at 689. If he satisfies the foregoing requirements, Petitioner must then show that there exists "a reasonable probability that, but for [the deficient representation], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. Both prongs of the *Strickland* test must be satisfied. *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009).

An appellate attorney's obligation to his client does not include a duty to raise every conceivable argument, no matter how specious. *Jones v. Barnes*, 463 U.S. 745 (1983). Indeed, a competent attorney should evaluate the issues and choose to argue or litigate only those which he believes in his trained professional judgment have a reasonable chance of success. *Jones v. Barnes, supra.* To hold otherwise is to transmogrify a trained lawyer into a mere scribe for his client.

Whether to allow withdrawal of a guilty plea is a matter within the "broad discretion" of the District Court, *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004). This Court's refusal to allow Petitioner to withdraw his guilty plea was sound and essentially unassailable. The Court explained in great detail why it was denying his motion to withdraw his plea. Petitioner's appellate counsel made a strategic decision to forego what clearly was an extremely

5

weak issue and devote more attention to issues which he believed had a better chance of success. He was not ineffective for doing so.

## II. PETITIONER'S AMENDED §2255 MOTION [Doc. 145-1]

Petitioner repeats his argument that his crack conviction carried only a three-year maximum. That issue has been addressed.

Next, he argues that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Petitioner's sentence of 132 months is well within the twenty-year maximum that his offense carried. Neither *Apprendi* nor *Alleyne v. United States*, 133 S.Ct. 2151 (2013) prohibits a sentencing judge from making factual findings in determining what sentence to impose within the statutory range; *see, Apprendi,* 530 U.S. at 481. Petitioner's original sentence of 168 months was within the statutory range and his reduced sentence of 132 months obviously is also within that range.

In his third ground of his amended motion, Petitioner asserts that his trial attorney "performed inadequately during the sentencing phase…[and]...but for his failure to know the law as it relates to the imposition of sentences, there exists a reasonable probability that the results would have been different." He expands on this conclusory statement in his accompanying memorandum,[15] and it is clear that his argument is a rehashing of those arguments regarding his attorney's allegedly ineffective assistance he set out in his original § 2255 motion. There is no need to discuss these issues anew.

In his fourth ground, Petitioner re-states in different words his original argument that his appellate counsel was ineffective. Neither will that claim be discussed again.

---

[15] Doc. 145-1 pg. 24

6

## II.   PETITIONER'S SECOND AMENDED MOTION [Doc. 152]

Petitioner makes two arguments in this second amended motion: (1) that *Edwards v. United States*, 523 U.S. 511 (1998)[16] holds that this Court was required to sentence him with respect to the drug offense carrying the lesser penalty, i.e., the cocaine offense; and (2) his attorney was ineffective because he failed to uncover the "*Edwards* error."

First, this amendment in no way relates back to any issue raised in Petitioner's original or first amended motion. Therefore, unless it was filed within one year of the date his conviction became final, it is barred by 28 U.S.C. § 2255(f)(1). *Howard v. United States*, 533 F.3d 472, 457 (6th Cir. 2008). Petitioner had until February 28, 2012, to file his § 2255 motion; this amendment was filed on December 17, 2013, and is therefore barred.

In any event, it has no merit. Assuming Petitioner was referring to *Edwards v. U.S., supra,* that case holds that if a jury returns a general verdict in a multi-drug case without identifying the specific drugs involved, the district judge is to determine the types and quantities of the various drugs when deciding the appropriate sentence under the Guidelines.

More importantly, there was no "general verdict" in Petitioner's case. He pleaded guilty to two separate counts, one charging him with possessing crack, and the other with possessing cocaine hydrochloride. *Edwards* is inapplicable to Petitioner's case for both reasons discussed above.

## III.   CONCLUSION

Petitioner's original § 2255 motion [Doc. 140] is **DENIED**; his amended motion [Doc. 145-1] is **DENIED**; and his purported second amended motion [Doc. 152] is **DENIED**.

---

[16] The citation that Petitioner provided for this case was incorrect.

7

Having considered Petitioner's motion under the standard of *Slack v. Daniel*, 529 U.S. 473 (2000), the court concludes that reasonable jurists could not conclude that the denial of Petitioner's motion is wrong or debatable. Petitioner has not demonstrated a "substantial showing of a denial of a constitutional right" as 28 U.S.C. §2253(c)(2) requires before a certificate of appealability may issue. Therefore, this court declines to issue a certificate of appealability.

SO ORDERED:

                                          s/R. Leon Jordan
                                       United States District Judge

8

Case 2:07-cr-00011-RLJ-DHI   Document 173   Filed 10/19/15   Page 8 of 8   PageID #: 751